```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-14298-Civ-GRAHAM
                              MAGISTRATE JUDGE P.A. WHITE
RAY OWENS,                    :

     Petitioner,              :

v.                            :      REPORT OF
                                     MAGISTRATE JUDGE
WALTER A. McNEIL,             :

     Respondent.              :
_____
```

## I. Introduction

Ray Owens, who is presently confined at Okeechobee Correctional Institution in Okeechobee, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number 98-4769, entered in the Nineteenth Judicial Circuit Court for St. Lucie County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus, the Respondent's response to an order to show cause and appendix of exhibits, Owens' memorandum on limitations and reply.

## II. Procedural History

Owens was charged with the sale and possession of cocaine for selling crack to a confidential informant. At trial, Detective Rust testified he provided a confidential information $30 to conduct a

1

drug buy. He searched the informant before and after the transaction and officers followed and observed him during the entire outing. In addition, police provided the car the informant used during the transaction, which was equipped with audio and videotape equipment. The informant did not make any stops on the way to or from the drug buy.

The informant testified he drove up the location Owens and another individual, Tim Galloway, were standing and purchased five cocaine rocks from Owens. The audiotape reveals negotiations between the informant and someone he referred to as "Ray." The informant identified Owens as the person on the videotape and at trial. The informant apparently had a beer with him at the time of the purchase. He purchased the beer from "Beer Hut" but could not recall when and explained he was not drinking it but had bought it to make himself appear more believable as a drug buyer.

The detective explained that the tape played for the jury was a portion of a longer original tape, which started when the informant got into the car police provided and ended when the outing was complete. However, he explained the portion played for the jury was the only relevant part of the tape and that no drug transactions or any other relevant events occurred on the rest of the tape.

Defense counsel called Tim Galloway, who denied Owens sold drugs to the informant. Owens testified on his own behalf that he was there but did not sell the informant anything.

The jury found Owens guilty of the sale (Count I) and possession (Count II) of cocaine in case 98-4769 in October, 1999. [DE# 10, Ex. 1]. The court sentenced him to thirty years as a

habitual felony offender (Count I) and five years (Count II), concurrent. [DE# 10, Ex. 2].

On direct appeal, he attacked his conviction and sentence in case 98-4769 and his sentence in case 98-4826.[1] He alleged: (1) counsel was ineffective; (2) Owens was entitled to be represented by conflict free counsel; (3) the trial court erred by restricting cross-examination of the confidential informant; and (4) Owens was illegally sentenced as a habitual offender for cocaine possession (Count II). [DE# 10, Ex. 3]. In a clarified opinion, the Fourth District reversed and remanded. Owens v. State, 792 So. 2d 650 (Fla. 4th DCA 2001) (4D99-3992). It found counsel was deficient for failing to object when the State introduced a damaging and previously undisclosed videotape of Owens engaging in a drug transaction at trial in case 98-4826. The court remanded for an evidentiary hearing to determine whether there was a reasonable probability the outcome of the proceeding would have been different had counsel requested a continuance to discuss the matter with Owens and reevaluate whether to accept the plea offer.

The trial court conducted an evidentiary hearing on Owens' claims of ineffective assistance of counsel on remand. [DE# 10, Ex. 4]. Owens testified counsel presented him with a written plea offer in jail a month or two after he was arrested. In it, the State had offered four years on all three pending cases without habitual offender sentencing. [DE# 10, Ex. 4 at T. 7-9]. At that time, Owens had never seen the videotapes and counsel had not mentioned them.

---

[1] Three cases involving the sale and possession of cocaine were pending against Owens at the time of the plea offer. See [DE# 10, Ex. 4 at 5-7]. All three cases went to trial and two convictions resulted; in cases 98-4769 and 98-4846. Although some of his State court filings refer to the other State court case numbers, Owens has raised only case 98-4769 in the instant petition. Therefore, the other cases are only discussed insofar as they relate to the instant claims.

[DE# 10, Ex. 4 at T. 10]. At a later time, counsel told Owens there were three videotapes associated with the charges. Counsel did not tell Owens he was clearly pictured in any of those tapes.[DE# 10, Ex. 4 at T. 10]. Because Owens did not know about the tapes existence at the time of the plea offer, however, he thought he should go to trial. [DE# 10, Ex. 4 at 10]. He would have taken the plea had he known a tape showed him selling drugs. [DE# 10, Ex. 4 at 12]. Further, although he was aware the State would be seeking a habitualized sentence, he did not think he would qualify for habitual offender status. [DE# 10, Ex. 4 at 13]. He acknowledged there was no subsequent plea offer. [DE# 10, Ex. 4 at 13]. On cross-examination, he admitted that counsel had not seen the videotapes at the time he informed Owens of the State's plea offer. [DE# 10, Ex. 4 at 15-16]. Nor did Owens know if the offer contained a time limit for acceptance. [DE# 10, Ex. 4 at T. 16]. Further, the videotapes were not the sole evidence of Owens' identity because each of the three cases involved a confidential informant who identified Owens as the person who sold him drugs. [DE# 10, Ex. 4 at 18].

Defense counsel, Thomas Burns, testified he recalled visiting Owens several times in jail. [DE# 10, Ex. 4 at T. 22]. He received a plea offer early on in the case that he discussed with Owens on at least one of those visits. [DE# 10, Ex. 4 at T. 22]. Counsel admitted the State usually extended such offers for a limited period of time and generally withdrew them once discovery began. Counsel testified he thought the State had already provided three videotapes of drug transactions at the time he presented the plea offer to Owens. He thought the offer was a good one and urged Owens to accept the offer because he had three pending cases and the State would pursue enhanced sentencing. [DE# 10, Ex. 4 at T. 38]. One of the three tapes the State provided, however, ended up being

4

for a different case. The tape the State played at trial showed Owens clearly more clearly than the defense had anticipated. [DE# 10, Ex. 4 at T. 25]. Counsel realized during trial that he had never seen that tape before and thought it was probably attributable to a secretarial error. [DE# 10, Ex. 4 at T. 26]. Counsel brought up the error after the tape had been introduced but admitted he should have immediately insisted on a <u>Richardson</u> hearing. He explained he thought relief would probably be denied because the discovery error was likely inadvertent. [DE# 10, Ex. 4 at T. 26, 29-30]. On cross-examination, counsel explained "fast track" offers are usually withdrawn as soon as discovery begins. [DE# 10, Ex. 4 at T. 31]. Counsel would have been more adamant that Owens take the plea offer had he known about the missing video. [DE# 10, Ex. 4 at T. 39]. However, Owens was trial-oriented from early on and counsel believed "he was not going to accept an offer that would have called for time in jail, especially not a -- years of imprisonment." [DE# 10, Ex. 4 at T. 34].

The Assistant State Attorney assigned to Owens' cases testified it was office policy to make "fast-track" plea offers early on in cases at the same time as the information was filed or within a few days of receiving the case. [DE# 10, Ex. 4 at T. 42]. The "fast-track" offers were written offers that contained an expiration date -- usually thirty days. [DE# 10, Ex. 4 at T. 42]. It was likely the fast-track offer had expired before the videotapes were discovered in Owens' case. [DE# 10, Ex. 4 at T. 43]. Once discovery starts, the fast track plea offer expires. [DE# 10, Ex. 4 at T. 46]. In this case, the prosecutor believed the fast track offer would have expired by the time defense counsel got the videotapes. [DE# 10, Ex. 4 at T. 46]. After discovery began, any subsequent plea offer would not be as low as the initial fast-track offer. [DE# 10, Ex. 4 at T. 48].

Based on the evidentiary hearing and court record, the court found:

- the fast-track plea offer was extended shortly after Owens was charged on January 20, 1999
- defense counsel visited the jail and discussed the plea offer with Owens
- Owens rejected the plea offer in 1999 because he would not accept any offer than included a prison sentence
- the offer remained opened for approximately thirty days and expired in late February, 1999
- the prosecutor provided three videotapes in a discovery response on March 19, 1999
- defense counsel advised Owens he was not depicted clearly in any of the videotapes
- counsel realized at trial that one videotape clearly depicted Owens and had not been previously disclosed

[DE# 10, Ex. 5].

The court concluded counsel's deficiency did not change the outcome of Owens' case because "the consideration of any of the four video tapes had nothing to do with Mr. Owen's rejection of each plea offer and the original four year sentence offer had expired and was no longer available for a substantial period of time before his lawyer or Mr. Owens had access to the tapes." [DE# 10, Ex. 5]. The Fourth District per curiam affirmed on May 7, 2003. <u>Owens v. State</u>, 845 So. 2d 209 (Fla. 4th DCA 2003) (4D02-1084). The mandate issued on  May 23, 2003. [DE# 10, Ex. 6].

Owens filed Rule 3.800 motion to correct an illegal sentence on March 3, 2004. He argued he lacked the sequential convictions necessary to sentence him as a habitual offender in cases 98-4769

and 98-4826. [DE# 10, Ex. 7]. The trial court denied relief because it found the required prior convictions existed for habitualized sentencing. [DE# 10, Ex. 12]. The Fourth District per curiam affirmed. Owens v. State, 887 So. 2d 350 (Fla. 4th DCA 2004) (4D04-3058). The mandate issued on December 3, 2004. [DE# 10, Ex. 13].

Owens filed a Rule 3.850 motion for post-conviction relief on January 19, 2005. He argued counsel was *per se* ineffective for: (1) stipulating to the elements of the offense charged; (2) failing to move for a Richardson hearing on a missing portion of videotape which prejudiced Owens; (3) failing to move for a judgment of acquittal and consequently stipulating the State made a prima facie case which prejudice Owens; (4) failing to move for a jury determination that the public required protection from Owens in a separate proceeding which prejudiced Owens; and (5) stipulating to Owens' prior offenses where the State failed to file notice of its intent to seek an enhanced sentence. [DE# 10, Ex. 14]. In an addendum, he additionally argued counsel was *per se* ineffective for: (6) failing to request a jury instruction on the knowledge of the illicit nature of the substance after Owens directed him to do so which prejudiced him; (7) making numerous errors that cumulatively prejudiced Owens and deprived him a fair trial. [DE# 10, Ex. 14]. The trial court denied the motion as successive. [DE# 10, Ex. 15]. The Fourth District reversed and remanded, finding the motions should not have been summarily denied because Owens had raised different grounds than in prior motions and the trial court failed to attach any prior Rule 3.850 motions to establish successiveness. Owens v. State, 920 So. 2d 59 (Fla. 4th DCA 2005) (4D05-1917). The trial court denied Rule 3.850 relief following an evidentiary hearing. [DE# 10, Ex. 17A, 18]. The court found claims (1), (2), (3) and (5) were insufficient under Strickland; and claim (6) was meritless because the standard jury instruction at issue

7

was not mandatory at the time of Owens' trial and counsel's strategy was reasonable and Owens was not prejudiced. The Fourth District per curiam affirmed. Owens v. State, 9 So. 3d 633 (Fla. 4th DCA 2009) (4D07-2864). The mandate issued on July 10, 2009. [DE# 10, Ex. 19].

Owens filed the instant petition on August 20, 2009.[2] He argues: (1) the trial court's determination that Owens failed to establish prejudice based on counsel's misadvice during plea negotiations is unsupported by the record; (2) counsel was *per se* ineffective by failing to move for a Richardson hearing regarding a missing portion of taped evidence which would have shown cocaine was purchased from someone other than Owens; and (3) counsel failed to request the jury instruction on knowledge of the illicit nature of the substance that would have supported the theory of defense.

### III. Statute of Limitations & Exhaustion

The Respondent concedes the instant petition is timely and the claims have been exhausted in State court.

### IV. Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362,

---

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

8

405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

In the instant case, Owens seeks habeas relief based on ineffective assistance of counsel. The United States Supreme Court clearly established the law governing such claims in Strickland v.

Washington, 466 U.S. 668 (1984). Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. Id. at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689. As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id. A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. Strickland, 466 U.S. at 697.

There is a narrow exception to the requirement that a defendant must demonstrate prejudice when counsel is ineffective per se. That is, a showing of prejudice is unnecessary if there are circumstances "that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." United States v. Cronic, 466 U.S. 648, 658 (1984). The exception applies and prejudice is presumed if: "(1) counsel is completely denied; (2) counsel is denied at a critical stage of trial; or (3) counsel 'entirely' fails to subject the prosecution's case to meaningful adversarial testing." Johnson v. Alabama, 256 F.3d 1156, 1187 n. 17 (11th Cir. 2001); see Cronic, 466 U.S. at 658. "The burden of proof under Cronic is a very heavy one." Frazier v. Sec'y, Dep't of Corr., 197 Fed. Appx. 868, 872 (11th Cir. 2006). Cronic's presumption of prejudice "applies to only a very narrow spectrum of cases where the circumstances leading to

counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all." Frazier, 197 Fed. Appx. at 872 (quoting Chadwick v. Green, 740 F.2d 897, 900 (11th Cir. 1984)).

## V. Discussion

### (1) Trial Court Error: Unreasonable Determination of Fact

Owens argues the trial court's finding he failed to establish prejudice based on counsel's misadvice during plea negotiations is unsupported by the record. He claims the written order finding the prosecutor made a "fast track offer" of four years before the State had produced the videotapes in discovery and that counsel's misadvice did not prejudice Owens, is not supported by competent substantial evidence.

The United States Supreme Court has left open the question "whether, in order to satisfy § 2254(d)(2), a petitioner must establish only that the state-court factual determination on which the decision was based was 'unreasonable,' or whether § 2254(e)(1) additional requires a petitioner to rebut a presumption that the determination was correct with clear and convincing evidence." Wood v. Allen, 130 S.Ct. 841, 847-48 (2010) (applying section 2254(d)(2)'s reasonableness standard to review of the state court's finding, following evidentiary hearings, that counsel's strategic decisions were reasonable and did not constitute ineffective assistance). A state court's factual determination "is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood, 130 S.Ct. at 849. Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's ... determination." Rice v. Collins, 546 U.S. 333, 341-42 (2006).

In the instant case, a reasonable fact-finder could have concluded the State's four year plea offer was a "fast-track" offer that was only available until discovery commenced. This finding is supported by Owens' testimony the offer was presented within a month or two of his arrest and the prosecutor's testimony describing office policy regarding the use, timing and expiration of fast-track offers. A reasonable fact-finder also could have concluded, based on defense counsel's testimony, that Owens would have rejected the four-year offer even if he had known of the videotape's existence because the offer included a prison sentence. The record includes evidence that is plausibly inconsistent with these findings, however, it does not suffice to demonstrate the trial court's findings were unreasonable. See Wood, 130 S.Ct. at 850. Therefore, even if the State court's factual findings are debatable, it was not unreasonable for the court to conclude that the State offered Owens a fast-track plea offer that had expired by the time the videotape evidence came to light, and that Owens would have rejected the offer even if he had been aware of the videotape's existence. Id. Based on these findings, the trial court correctly concluded Owens' Strickland claim did not warrant relief. Accordingly, Owens has failed to demonstrate the State court's rejection of his ineffective assistance claim was based on an unreasonable determination of fact or was contrary to or an unreasonable application of Strickland.

(2)   Ineffective Assistance: Richardson Hearing

Owens contends counsel was *per se* ineffective for failing to move for a Richardson hearing regarding a missing portion of the videotaped drug transaction. He claims the confidential informant made a stop to buy some beer before engaging in the alleged drug transaction with Owens, and the missing portion of the videotape would have shown the confidential informant purchased the cocaine

12

from someone other than Owens.

When an alleged discovery violation is brought to a Florida trial court's attention, the court must conduct hearing to inquire about the circumstances surrounding the State's violation of discovery rules and examine possible prejudice. Richardson v. State, 246 So. 2d 771 (Fla. 1971). The analysis is whether the defense was procedurally prejudiced, that is, whether the violation "materially hindered the defendant's trial preparation or strategy." Scipio v. State, 928 So. 2d 1138 (Fla. 2006). An error is harmless if defense was not procedurally prejudiced beyond a reasonable doubt. State v. Schopp, 653 So. 2d 1016, 1020 (Fla. 1995); see Smith v. State, 7 So. 3d 473 (Fla. 2009).

Counsel was not ineffective for failing to request a Richardson hearing because no discovery violation occurred. The detective testified at trial that the relevant portion of the tape depicting the drug sale was shown to the jury because nothing relevant occurred on the rest of the tape. See [DE# 10, Ex. 17A at T. 144]. Because no material evidence was withheld from the defense, counsel cannot be deemed deficient for failing to allege a discovery violation occurred. See Knowles v. Mirzayance, 129 S.Ct. 1411, 1421-22 (2009)(defense counsel not required to pursue every claim or defense, regardless of its merit, viability or realistic chance for success); Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) (counsel is not ineffective for failing to raise a non-meritorious objection). Further, the court indicated it would have denied relief had counsel requested a Richardson hearing. Therefore, Owens cannot demonstrate prejudice. As Owens has failed to demonstrate either deficiency or prejudice, the State court's rejection of this claim is not contrary to or an unreasonable application of clearly established federal law.

(3)   Trial Court Error: Jury Instruction

Owens contends counsel failed to request the mandatory jury instruction regarding knowledge of the illicit nature of the substance being sold or delivered. He argues the instruction would have supported the theory of defense, which was that Owen was present but did not know drugs were being sold.

At the time of Owens' trial in 1999,[3] Florida law provided that "guilty knowledge" was an element of offenses relating to drug sale and possession. Chicone v. State, 684 So. 2d 736 (Fla. 1996); McMillion v. State, 813 So. 2d 56 (Fla. 2002) (extending Chicone to charges of sale of a controlled substance). "The guilty knowledge element includes knowledge of both the presence of, and the illicit nature of, the substance possessed, and the jury should be instructed on both." Garcia v. State, 901 So. 2d 788, 793 (Fla. 2005). The failure to give a jury instruction on a disputed element of a crime is fundamental error. Garcia, 901 So. 2d at 293. However, "failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal." State v. Delva, 575 So. 2d 643, 645 (Fla. 1991).

Assuming counsel was deficient for failing to request the Chicone instruction, Owens' claim fails because he has not demonstrated prejudice. The defense theory was that Owens was present but did not participate in any drug transaction. Indeed, counsel conceded the substance was cocaine because, as he explained at the evidentiary hearing, any other position would have been

---

[3] See § 893.101, Fla. Stat. (2002) (setting forth the legislative intent that knowledge of the illicit nature of the controlled substance is not an element of any offense under chapter 893, rather, lack of knowledge is an affirmative defense); J.J.N. v. State, 877 So. 2d 806 (Fla. 5th DCA 2004) (section 893.101 does not apply retroactively).

inconsistent with the theory of defense. As guilty knowledge was not an issue in Owens' case, there is no reasonable probability the jury would have acquitted him if the lawyer had requested the Chicone jury instruction. See, e.g., Cisneros v. McNeil, 2008 WL 1836368 (M.D. Fla. April 23, 2008). Accordingly, the State court's rejection of this claim is not contrary to or an unreasonable application of Strickland.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 19th day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Ray Owens, pro se
      DC# 791411
      Okeechobee Correctional Institution
      3420 NE 168 Street
      Okeechobee, FL 34972-4824

      Katherine McIntire, AAG
      Office of the Attorney General
      1515 North Flagler Drive
      Suite 900
      West Palm Beach, FL 33401-2299

15